UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN LANGLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3776** |
| **CASEY MCVEA** | **SECTION "N"(4)** |

## ORDER AND REASONS

The plaintiff, Steven Langley, has filed a **Motion for Counsel (Rec. Doc. No. 11)** which is not supported by any argument. Langley, a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center, filed this *pro se* and *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 against Dr. Casey McVea alleging that he has been denied adequate medical care at the prison. With regard to the instant motion, and in his response to the Court's prior order, Langley contends that he wrote to unidentified attorneys and has received no responses to his letters seeking assistance with his case.[1]

A federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). The plaintiff's case is not an exceptional one under these factors and presents no circumstances that would require appointment of counsel.

---

[1] Rec. Doc. Nos. 12, 13.

After reviewing Langley's complaint and his *Spears* Hearing testimony, the Court does not find that the issues are complex or that Langley is unable to adequately convey the facts of his case without assistance of counsel.  *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994) (counsel should only be appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975).  To the contrary, although he may not be trained in the law, Langley has demonstrated the ability to express his factual and legal arguments in his multiple motions and other pleadings and to understand the issues involved in his case.  There is nothing in the record to indicate appointment of counsel is necessary.  Accordingly,

**IT IS THEREFORE ORDERED** that Steven Langley's **Motion for Counsel (Rec. Doc. No. 11) is DENIED**.

New Orleans, Louisiana, this   28   day of January, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**