# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN LANGLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-3776** |
| **CASEY MCVEA** | **SECTION "N"(4)** |

## <u>REPORT AND RECOMMENDATION</u>

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 16)** filed by the Plaintiff, Steven Langley, seeking a judgment of liability against Dr. Casey McVea for the alleged medical indifference he suffered while incarcerated at Rayburn Correctional Center. Also before the Court is an additional **Motion for Summary Judgment (Rec. Doc. 17)** filed by Langley regarding the Defendant's failure to respond to his grievance. The motions are unopposed.

The case and the motion were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and ( C ) § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On November 3, 2015, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by telephone conference call.[2]

---

[1]766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims.  The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2]Rec. Doc. No. 8.  The plaintiff was sworn prior to testifying.  The hearing was digitally recorded.

I.    **Factual Background**

    A.    **Original Complaint**

Steven Langley, an inmate housed at B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendant, Casey McVea, M.D. ("Dr. McVea").

Langley alleges that in June and July of 2015 he requested medical treatment that was refused by Dr. McVea which he alleges violated his Eighth Amendment right to "proper treatment."  He alleges that he filed grievances at both levels which were refused. He therefore seeks compensation in the amount of $30,000 for the alleged violations.  Langley has also moved the Court to issue a preliminary injunction against Dr. McVea, although he fails to state reasons why or what he seeks to enjoin.[3]

    B.    ***Spears* Hearing**

On November 3, 2015, the undersigned conducted a *Spears* Hearing with Langley participating by telephone. During the hearing, Langley testified that Dr. McVea on three occasions denied his request for "KOP's" which are toiletries.  He complains that when he was at Dixon Correctional Institute that he had a one-year supply of toiletries. Dr. McVea denied his three sick call requests.

Three months later, he received some soap. However, complains that it took too long for him to receive the requested toiletries.  He testified that it took him three sick calls. He testified that he had a rash and skin irritation due to the soap in the prison and that the soap provided is only somewhat effective.

---

[3]Rec. Doc. No. 19.

He testified that he was transferred from another jail for safety reasons.  He complains that the medical treatment at RCC is worse.  He testified that he has one year left for three counts of simple burglary.

Langley proceeded to testify that he heard that Dr. McVea is a convicted felon.  He testified that he has only seen the doctor one time since he has been in prison.  He testified that he feels that Dr. McVea violated his rights.

Plaintiff has filed two Motions for Summary Judgment (Rec. Docs. 16 & 17).  The first Motion for Summary Judgment (Rec. Doc. 16) alleges that the Louisiana Department of Public Safety and Corrections has refused to respond to his July 31, 2015, administrative grievance.  The second Motion for Summary Judgment (Rec. Doc. 17) filed by Langley seeks a judgment against Louisiana Department of Public Safety for its failure to respond to his Administrative Remedy Procedure (ARP) request.  He therefore seeks a judgment against Dr. McVea because of the Department's lack of response.

However, before proceeding to the merits of plaintiff's motions, the Court is called upon to conduct its statutory review for frivolousness of this *in forma pauperis* complaint under 28 U.S.C. § 1915 *et seq.* and 42 U.S.C. 1997e. As a result, the Court does not reach the merits of the motion because in conducting its statutory frivolous review, the Court finds that the claims are frivolous as detailed below.

II.  **Standards of Review**

A.  **Frivolousness**

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e (c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.

*See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v.Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**B.** **Summary Judgment**

Federal Rule of Civil Procedure ("Rule") 56(a) provides that summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if resolving that fact in favor of one party could affect the outcome of the suit.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Poole v. City of Shreveport*, 691 F.3d 624, 626-27 (5th Cir. 2012).

Where the moving party bears the burden of proof at trial as the plaintiff, or as a defendant asserting an affirmative defense, that party must support its motion with "credible evidence . . .

that would entitle it to directed verdict if not controverted at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S. Ct. 2548 (1986). In such a case the moving party must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original); *see also Access Mediquip L.L.C. v. United Healthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011).

Credible evidence may include depositions, documents, affidavits, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). Moreover, in evaluating a motion for summary judgment by the party with the underlying burden of proof, the Court considers the substantive evidentiary burden of proof that would apply at the trial on the merits. *Anderson*, 477 U.S. at 252. The moving party's burden is therefore "understandably heavier" where that party is the plaintiff. *S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437, 447 (E.D. La. 2011).

Once the moving party has made its showing, the burden shifts to the non-moving party to produce evidence that demonstrates the existence of a genuine issue of fact. *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322–24). All justifiable inferences are to be drawn in the non-moving party's favor. *Anderson*, 477 U.S. at 255. However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for Summary Judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) (internal citations omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (stating that "mere conclusory allegations" are insufficient to defeat a motion for summary judgment). Though the Court may not evaluate evidence on a motion for summary judgment, the Court may make a determination as to the "caliber or quantity" of evidence as part

of its determination of whether sufficient evidence exists for the fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 254.

Moreover, credibility determinations have no place in summary judgment proceedings. *See Lindsey v. Prive Corp.*, 987 F.2d 324, 327 n. 14 (5th Cir. 1993); *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir.1987). The non-movant's summary judgment evidence must be taken as true. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A Court view facts in the light most favorable to the non-movant and draw all reasonable inferences in his favor. *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994). If the non-movant sets forth specific facts in support of allegations essential to her claim, a genuine issue of material fact is presented, and summary judgment is inappropriate. *Id.* Summary judgment may be improper, even though the basic facts are undisputed, if the ultimate facts in question are to be inferred from them, and the parties disagree regarding the permissible inferences that can be drawn from the basic facts. *Winters v. Highlands Insurance Company*, 569 F.2d 297, 299 (5th Cir. 1978). "'[T]he choice between permissible inferences is for the trier of facts.'" *Nunez v. Superior Oil Co.*, 572 F.2d 1119 (5th Cir. 1978). Where a jury is called for, the litigants are entitled to have the jury choose between conflicting inferences from basic facts. *Id.*

## III.   <u>Analysis</u>

Langley complains that he suffered with a skin rash which was caused by using soap in the prison.  He complains that it took three months before Dr. McVea ordered toiletries that would reduce or eliminate his allergic reaction.  He specifically complains that he was refused medical treatment on June 2, 2015, July 1, 2015, and July 28, 2015.  It is because of the slow response time that Langley complains that his Eighth Amendment rights were violated.  He therefore seeks monetary damages against Dr. McVea for his dilatory response to his medical needs.

The standard of conduct imposed on defendants with respect to medical care of inmates was clearly established by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976).  In *Estelle*, the Court held that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment.  *Id.* at 104.  This is true where the indifference is manifested by prison doctors in their response to the prisoner's needs.  It is also true where the indifference is manifested by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  *Id.*

In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.  *Id.*  Further, disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs.  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  Therefore, inadequate medical treatment of inmates may, at a certain point, rise to the level of a constitutional violation, while malpractice or negligent care does not. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action"); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982) ("mere negligence in giving or *failing to supply* medical treatment would not support an action under Section 1983"). *See Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

In addition, the mere delay alone in receiving medical treatment is usually not sufficient to state a claim under § 1983. *Mendoza*, 989 F.2d at 195; *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990); *Simmons v. Clemons*, 752 F.2d 1053, 1056 (5th Cir. 1985).  Regardless of the length of the delay, the plaintiff at a minimum must show deliberate indifference to a serious medical

need to rise to the level of a constitutional violation.  *Wilson v. Seiter*, 501 U.S. 294 (1991); *see also Estelle,* 429 U.S. at 104-05.

In the case at bar, Langley does not allege facts sufficient to rise to the level of a constitutional violation.  Accepting his allegations as true, Langley alleges that despite his request for medical treatment on three occasions consisting of his request for toiletries to address his skin rash, Dr. McVea refused his requests.  It was not until after the third request that Dr. McVea actually placed the order which Langley acknowledges. Therefore, even though Langley complains that there was originally a three-month delay in treatment, the Court finds that these claims do not constitute deliberate indifference.

While Langley is entitled to adequate medical care, he is not entitled to the treatment of his choice. Therefore, the Court finds that the deliberate indifference claim arising out of the medical care Langley received is frivolous or fails to state a claim for which relief may be granted, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I) and §1915(b)(1).

## IV.    <u>Recommendation</u>

**IT IS RECOMMENDED** that Steven Langley's § 1983 claims against Dr. Casey McVea be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e.

**IT IS FURTHER RECOMMENDED** that the **Motions for Summary Judgment (Rec. Docs. 16 & 17)** and the **Motion for Preliminary Injunction (Rec. Doc. 19)** filed by the plaintiff, Steven Langley, be **DENIED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 27th day of April 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.